IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> QUANTA COMPUTER, INC., <br> QUANTA STORAGE, INC., <br> QUANTA COMPUTER USA, INC., and <br> NU TECHNOLOGY, INC., <br><br> Defendants | Misc. Action No. <br><br><br> Civil Action No. 06-C-0462 <br> Currently Pending in the <br> United States District Court for the <br> Western District of Wisconsin |

## RICOH COMPANY, LTD.'S MOTION TO ENFORCE ITS SUBPOENA TO DELL INC. - *EXPEDITED CONSIDERATION REQUESTED*

Pursuant to Federal Rule of Civil Procedure 45(e), Ricoh Company, Ltd. ("Ricoh"), the plaintiff in an action pending before the United States District Court for the Western District of Wisconsin (the "Wisconsin action"), moves to enforce on an expedited basis a subpoena served in this jurisdiction on Dell Inc. ("Dell"). Ricoh relies on the information and arguments stated herein and the accompanying Declaration of Michael Joffre ("Joffre Decl.") in support of its motion. A proposed form of Order is attached hereto.

In March of this year, Ricoh served a subpoena that issued from this Court requesting a targeted list of documents pertaining to Dell's use, testing, and purchase of optical disc drives from defendant Quanta Storage Inc. ("QSI") that are accused of patent infringement in the Wisconsin action. *See* Joffre Decl. Exh. A. Additionally, Ricoh's subpoena requested a Rule 30(b)(6) deposition of Dell regarding Dell's use, purchase, and understanding of QSI's optical

drives that would not be available from the documents. *See id.* The requested information is vitally needed to prove Ricoh's claims of contributory and induced infringement by QSI of Ricoh's patents, and to evaluate the scope and validity of a license defense that QSI has asserted.

Dell did not timely serve objections in response to the subpoena (and thus waived any objections), and has spent two months avoiding its obligation to provide documents and a knowledgeable witness. Dell initially promised to provide information and expressed interest in working out any disputes. In repeated meet-and-confer sessions, Ricoh refined and narrowed its requests to reduce any burden associated with compliance. Ultimately, however, even though Dell admits to having documents and witnesses able to provide much of the requested information, Dell has refused to produce any documents in response to Ricoh's subpoena and has insisted that Ricoh agree in advance to reliquish its right to take more than half a day of deposition testimony. Although Ricoh has worked hard to resolve these issues without the Court's intervention, unfortunately, Ricoh cannot afford to be delayed any longer because summary judgment motions are due in the Wisconsin action on June 1, 2007, and responses to such motions are due June 21, 2007. In addition, Third-Party Defendant Philips has already filed a motion for summary judgment, in response to which Ricoh filed a Rule 56(f) motion seeking time to take additional discovery in order to oppose Philips's motion. *See* Philips's motion (Docket No. 192, filed Apr. 23, 2007); Ricoh's Rule 56(f) Motion (Docket No. 196, filed May 2, 2007); Philips's opposition (Docket No. 202, filed May 7, 2007). The information sought from Dell is directly relevant to Ricoh's opposition to Philips's pending summary judgment motion.

Therefore, Ricoh asks the Court to compel Dell's production of documents and a Rule 30(b)(6) witness on the designated topics on an expedited and emergency basis.

## BACKGROUND

**1.    Ricoh's Wisconsin Action**

Ricoh brought a patent infringement suit in the Western District of Wisconsin against certain Taiwan-based makers of optical disc drives (i.e., drives that use a laser to read data from and write data to optical discs like CDs and DVDs). *See* Joffre Decl. Exh. B. The 4 patents in suit relate to fundamental and widely used features of optical disc drives.[1]

After analyzing several commercially available QSI drives, and based upon information provide in discovery by QSI, Ricoh has identified specific QSI drive models that are likely to infringe Ricoh's four patents in suit: SBW-242, SBW-242C, SBW-081, SBW-161, SBW-241, SBW-243, SBW-245, SDW-085, SDW-086, SDW-082K; SDW-082, SDW-041, and SDW-042. Dell is a customer of QSI and third-party defendant Philips. Dell sells millions of dollars of computers in the U.S. that contain optical disc drives likely to infringe Ricoh's patents. In order to obtain evidence bearing on infringement by use of the drives in the U.S., on how the drives are imported into the U.S., and on whether some sales nominally by third-party defendant Philips are

---

[1] The four patents alleged to be infringed by the defendants are:

- U.S. Patent No. 5,063,552 ("the '552 patent" or the "Zone-CLV patent"), which covers a system in which an optical disc is divided into annular zones, and information is recorded using a constant linear velocity ("CLV") within each zone, in order to increase the efficiency of recording information on the disc;
- U.S. Patent No. 6,172, 955 ("the '955 patent" or "the Background Formatting patent"), which covers a system that allows users to record information on a new optical disc without first waiting (perhaps as much as an hour) for the disc to be completely formatted;
- U.S. Patent No. 6,631,109 ("the '109 patent" or "the Write Strategy" patent), which covers using a particular sequence of laser pulses to write legible marks on rewritable optical discs;
- U.S. Patent No. 6,661,755 ("the '755 patent" or "the Buffer-Under-Run Avoidance patent"), which covers a method of pausing writing to a disc in the middle of a single recording session and then resuming writing at the point on the disc where writing stopped – a feature that is useful in order to prevent the drive from writing meaningless "dummy" data to the disc when its memory runs out of user data before the end of a recording session.

really sham transactions having no purpose other than to bring QSI under the umbrella of Philips's patent licenses, Ricoh is seeking documents 30(b)(6) testimony from Dell, a Delaware corporation.

2.    **Ricoh's Subpoena to Dell**

On March 20, 2007, Ricoh issued a subpoena to Dell pursuant to Federal Rule of Civil Procedure 45, in this district. *See* Joffre Decl Exh. A. The subpoena called for testimony on eight separate 30(b)(6) topics and the production of documents under sixteen separate document requests. On April 3, counsel for Ricoh, J.C. Rozendaal and Ken Fetterman, conducted a telephonic meet and confer with counsel for Dell, Robert Holland, regarding Dell's compliance with Ricoh's subpoena. During that meet and confer, counsel for Ricoh expressed its desire to work cooperatively with Dell to achieve compliance with the subpoena. As a result, Dell requested during that meet and confer that Ricoh provide Dell with a list of model numbers accused of infringement and requested that Ricoh identify two such model numbers for Dell to conduct its initial inquiry. The following day, April 4, counsel for Ricoh provided Dell with a list of accused devices by model number, *see supra*, and in accordance with Dell's request indicated that Dell could begin its investigation by using model numbers SBW-242 and SBW-243. *See* Joffre Decl. Exh. C.[2]

In response, counsel for Dell requested (for the first time) that counsel for Ricoh confirm that the accused models were included in Dell systems, among other things. *See* Joffre Decl. Exh. D. The very same day, counsel for Ricoh answered Dell's questions and, by visiting Dell's own website, was able to confirm that Dell does in fact include model number SBW-242 in its

---

[2] This email also included model numbers for optical disc drives made by ASUS. ASUS has subsequently been dismissed from the Wisconsin case for lack of personal jurisdiction; therefor, Ricoh does not at present seek documents or testimony concerning the ASUS models.

4

products. *See* Joffre Decl. Exh. E. Counsel for Ricoh requested a meet and confer on April 16 regarding the status of Dell's investigation to date. Counsel for Dell responded and indicated that he had nothing to share at that point, due to difficulties in tracking down the information. *See* Joffre Decl. Exh. F. On April 24, the date document production was set to begin and over a month after issuance of the subpoena, Dell's counsel belatedly sent a letter to Ricoh containing objections to every single document request and 30(b)(6) topic, objections to the instructions, objections to service of subpoena in the District Court of Delaware and a multitude of additional objections. *See* Joffre Decl. Exh. G.

On May 3, counsel for Ricoh responded to that letter and reiterated that it was interested in obtaining information uniquely in the possession of Dell and informed Dell that Ricoh had conducted its own investigation and identified an individual—Dr. Chris Steenbergen—involved in one of the narrow categories of documents and testimony requested, in light of the fact that Dell was unable to locate the appropriate witnesses.[3]

Since May 3, counsel for Dell and Ricoh have conducted multiple meet and confers regarding the 30(b)(6) subpoena issued from the District of Delaware and an individual fact subpoena issued to Dr. Steenbergen in the Western District of Texas.

On May 10, counsel for Ricoh summarized the substantially narrowed list of documents and information it would agree to accept in a letter to Dell's counsel, attached hereto as Exhibit H to Joffre Declaration. Ricoh sought information on three narrowly tailored topics:

1) Information regarding Dell's use in the United States of optical disc drives made or sold by Quanta, Philips, or NU, to record information on an optical disc. (Ricoh

---

[3] Ricoh served an individual subpoena on Dr. Steenbergen in the Western District of Texas, Austin Division. Dr. Steenbergen appears to be represented by Dell's counsel in connection with that subpoena.

5

offered to accept information relating to use, testing, qualification, etc., of a single representative model, if the information would be subtantially the same for all accused models.)

2) Information regarding how and by whom the accused drives are marketed to Dell (including representations, comments from or communications with Quanta or Philips about the drives), the path that the drives travel from the factory where Quanta makes them to Dell's possession (including the point in the distribution chain at which Dell takes title to the accused drives ), and who invoices Dell for the drives.

3) Information regarding Dell's sales (price and quantity) in the United States and worldwide, by model number and by year since August of 2000, of each of the accused optical disc drives previously identified.

Dell has offered to make a witness available and produce documents on topics 1 and 2 listed above on May 24 but remarkably has refused to make a witness available on topic 3, because it may take some unquantified period of time to obtain the sales information, has refused to provide a witness after May 24 in the event the sales information is not available by that date, and has also refused to provide a date certain by which the sales information would be available to enable Ricoh to conduct only one 30(b)(6) deposition. *See* Joffre Decl. Exh. I. Apparently, this is because Dell finds it overly burdensome to permit deposition testimony on more than one day for any reason. *See id.* To date, Dell has yet to produce a single page of documents, although the subpoena ordered these documents to be produced on April 24.[4] Dell's counsel Mr. Holland admits to having responsive documents ready to produce this week, but—in an apparent

---

[4] Although the subpoena requested production of documents at the offices of Ricoh's counsel in Washington D.C., and presentation of a witness in Delaware, Ricoh has already expressed its willingness to accept production and testimony at a reasonable location in the U.S. of Dell's choosing, including Austin, Texas.

effort to avoid this Court's jurisdiction—he refuses to produce any documents unless Ricoh issues a duplicative subpoena from the Western District of Texas. *See* Joffre Decl. Exh. J.

## ARGUMENT

### I.   The Documents and Testimony at Issue are Relevant

A party served with a subpoena pursuant to Rule 45 is obligated to produce responsive documents. *See* Fed. R. Civ. P. 45. As the party resisting discovery, Dell carries the burden to "'show specifically how . . . each [document request] is not relevant or how each question is overly broad, burdensome or oppressive.'" *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). Rule 26(c) also places the burden squarely upon the movant for a protective order to show that "good cause" exists before a protective order will issue. Indeed, the Federal Rules contemplate a broad scope of discovery, even against a non party: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party …. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). As noted by the Supreme Court, under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Ricoh has tried very hard to reduce any burden associated with responding to Ricoh's subpoena and has limited its discovery requests to three narrow topics relevant to central issues in the case in Wisconsin. Regrettably, however, Ricoh has been unable obtain the information it needs without emergency court intervention. Dell has not objected to Ricoh's requests on

7

relevance grounds, nor can there be any genuine dispute that the information is directly relevant to Ricoh's claims in the underlying action. In order to prove indirect infringement (active inducement or contributory infringement) by the defendants in the Wisconsin action, Ricoh must prove that there is direct infringement by use of the accused drives in the United States. Accordingly, Ricoh has asked for information in the form of documents and testimony regarding Dell's use in the United States of optical disc drives made or sold by Quanta, Philips, or NU, to record information on an optical disc (and Ricoh further limited agreed that if the accused models all use these features in the same way, or Dell's use, testing, qualification, etc., is the same for each of the accused model numbers, then testimony and documents regarding a representative model and the fact that others are treated similarly would be sufficient).

Relatedly, Ricoh has asked Dell to provide documents and testimony regarding how drives are marketed to Dell (including representations, comments from or communications with Quanta or Philips about the drives) and if Dell has knowledge of the division of labor between Philips and Quanta with regard to the manufacturing, testing and invoicing for the drives and testimony on the path that the drives travel from the factory where Quanta makes them to Dell's possession. In particular, Ricoh seeks testimony on the point in the distribution chain at which Dell takes title to the accused drives (whether shipped from Quanta or Philips), and who invoices Dell for the drives. Again, how the drives are marketed to Dell and by which party is relevant to Ricoh's inducement allegations and Ricoh's allegations of a sham patent laundering arrangement between Philips (a third party defendant) and Quanta. It is extremely important for Ricoh's inducement allegations and damages claims to find out details regarding the sales and marketing of the accused drives to Dell, and how Dell takes possession of these drives and from what party.

Finally, for purposes of damages Ricoh is seeking documents and testimony regarding Dell's sales (price and quantity) in the United States and worldwide, by model number and by year since August of 2000, of each of the accused optical disc drives previously identified. For damages calculations, it is important to know what volume and revenues of optical disc drives are related to sales in the United States versus sales in other parts of the world. This is information uniquely in Dell's possession, and despite its protestations to the contrary, should be fairly easy to identify. Alternatively, if it is easier for Dell to provide information regarding the amount of U.S. sales as a fraction of Dell's worldwide sales, then Ricoh has also agreed it would accept information about what percentage of Dell's worldwide sales of computers that could contain an accused optical disc drive are made in the U.S. and that it may be able to agree to accept more aggregated data (e.g. U.S. fraction of total sales of Dell computers that could contain an accused drive, by year), if that would help make it easier for Dell to obtain the requested information.[5]

Dell does not disagree that this information is relevant and only in Dell's hands. Dell's counsel apparently already has the requested information with regard to use of the drives in the U.S. and marketing of the drives; the only missing piece of the puzzle appears to be sales data. Ricoh has proposed that Dell should make available the documents and witness on the topics for which it has information now and should provide the sales data in a convenient form later. Yet Dell refuses to proceed with any discovery unless Ricoh agrees in advance not to take any additional deposition testimony. Since Dell is not currently prepared to discuss the sales data at

---

[5] To the extent that Dell may argue that the requested information should not be turned over because it is confidential or proprietary, the order in place in the Wisconsin case obviates the objection. That two-tiered protective order allows Dell to designate material as "confidential" or "outside counsel only," with appropriate restrictions on the dissemination and use of the information.

the deposition, Ricoh cannot responsibly agree to forgo additional testimony, because it needs that sales data to be authenticated in such a way as to be admissible at trial in the underlying Wisconsin action. In addition, if Dell's witness is unable to answer questions on the topics for which he is being offered, or if he points to other sources of information within Dell that have the requested information, it may be appropriate to take limited follow-up testimony in order to obtain the information Ricoh requires. As Ricoh has repeatedly told Dell, dispositive motions are due June 1, oppositions are due June 2, and Philips already has a pending summary judgment motion to which Ricoh is obliged to respond. Ricoh urgently needs this information in connection with those motions.

## II. Dell Did Not Serve Timely Objections and Has Failed To Move To Quash the Subpoena

From the very beginning, Dell has failed to take Ricoh's subpoenas seriously. Dell failed to respond and provide objections to the subpoena in a timely fashion as dictated under the Federal Rules in 45(c)(2)(B), (a nonparty deponent served with a subpoena *duces tecum* must object to the production of documents or things for inspection and copying within fourteen days of service of the subpoena). Rather, it waited more than a month before bothering to serve objections. Dell has thus waived any objections, and must immediately produce its responsive documents and a witness on the requested topic. *See Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 262 (D. Del. 1992) (failure to provide proper and timely objections to a discovery request "constitutes a waiver of any and all objections to said request"). Moreover, Dell does not claim that it cannot find the relevant documents. Rather, it appears that Dell has the relevant documents in hand and merely wants to hold them hostage until Ricoh agrees to give up its rights to deposition testimony.

Similarly, with regard to the deposition portion of the subpoena, it was Dell's obligation to file a motion for protective order. *See* 9 Moore's Federal Practice § 45.30 (a person commanded to appear for a discovery deposition must move to quash the subpoena or file a motion for a protective order); *see also* Fed. R. Civ. Pro. 45(e) ("Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."). Almost three weeks have passed since the date deposition testimony was called for under the subpoena, yet Dell has not sought a protective order.

Dell's response to the subpoena is unacceptable and thwarts the Federal Rules.

### III. This District Is the Proper Court to Issue the Subpoena

Finally, Dell's counsel at times has claimed that, although it is a Delaware corporation, Dell is not required to provide a witness or documents in response to a subpoena from this Court, because Dell has chosen to keep the relevant documents and in Texas and to designate corporate representatives from Texas. Indeed, Dell's counsel has specifically refused to produce documents unless Ricoh issues a duplicative subpoena from the Western District of Texas. *See* Joffre Decl. Exh. J. In this case, Dell, not Ricoh, gets to designate the witnesses that will give testimony on Dell's behalf. Although the subpoena in this case stated that Dell should appear for a deposition in Wilmington, Delaware, Ricoh has repeatedly stated that it would, as an accommodation to Dell, hold the deposition at any place in the U.S. convenient for Dell. *See* Joffre Decl. A. This Court had jurisdiction to issue the subpoena because Dell is incorporated in Delaware and its registered agent is in Delaware. *Cf.* 28 U.S.C. § 1332 ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated").[6] Furthermore, "a person

---

[6] This stands in contrast to a natural person. For example, Dr. Steenbergen lives in Austin and

11

subject to a subpoena can be required to produce materials in that person's possession regardless of where the materials are located." *Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). The fact that Dell happens to keep the relevant documents in Austin, Texas (as contrasted with its other facilities around the country) does not excuse its compliance with a duly and lawfully issued subpoena from this Court.[7]

## CONCLUSION

For the reasons stated above, Ricoh requests that Dell be ordered to produce documents responsive to the three categories described above immediately, or within three business days of the date of this order. Ricoh further requests that the Court issue an Order that Dell provide a 30(b)(6) witness or witnesses adequately prepared to discuss the three topics described above during the week of June 4, 2007, at a location convenient to Dell. This information is vitally necessary, and due to the impending summary judgment deadlines in the Wisconsin case and Dell's continued delay, Ricoh respectfully requests that the Court consider Ricoh's motion on an expedited basis.

---

was therefore served with a subpoena that issued from the Western District of Texas.

[7] If it were true that Dell could defeat the subpoena simply by designating corporate representatives for testimony who live or work outside of Delaware, then Dell might well use the same tactic in Texas: If Ricoh issued a subpoena from a Texas court, Dell could designate a witness at one of its other facilities (say, in North Carolina), and then claim that it did not need to make a witness available in response to the Texas subpoena.

Respectfully submitted,

*/s/ Collins J. Seitz, Jr.*

Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
Phone: 302-888-6316
cseitz@cblh.com
fdigiovanni@cblh.com

Counsel for Ricoh Company, Ltd.

Of counsel:

Mark C. Hansen
J.C. Rozendaal
Richard H. Stern
Michael E. Joffre
KELLOGG, HUBER, HANSEN,
    TODD, EVANS & FIGEL, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036


Dated: May 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> QUANTA COMPUTER, INC., <br> QUANTA STORAGE, INC., <br> QUANTA COMPUTER USA, INC., and <br> NU TECHNOLOGY, INC., <br><br> Defendants | Misc. Action No. <br><br> Civil Action No. 06-C-0462 <br> Currently Pending in the <br> United States District Court for the <br> Western District of Wisconsin |

## ORDER

Whereas, having considered Ricoh Company, Ltd.'s Motion to Enforce its Subpoena to Dell Inc., and argument thereupon,

IT IS SO ORDERED, this ____ day of _____, 2007, that Dell Inc. must:

(1)   Provide to Ricoh Company, Ltd., no later than May 24, 2007, all documents in its possession, custody, or control that are responsive to the subpoena issued upon Dell from this Court dated March 19, 2007; and

(2)   Provide a witness for deposition no later than May 24, 2007, knowledgeable of the topics specified in the subpoena issued upon Dell from this Court dated March 19, 2007.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on May 21, 2007, I caused a copy of the foregoing document to be served on the below-listed counsel of record in the manner so indicated:

### BY FAX AND E-MAIL:

Robert W. Holland, Esq.
Hamilton & Terrile, LLP
8911 North Capital of Texas Highway
Westech Center Suite 3150
Austin, TX 78759
rholland@hamiltonterrile.com

Francis DiGiovanni (#3189)